UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, AND
MICHAEL J. FORDE, AS EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

07 CV 11366 (TPG)
ECF CASE

**AFFIDAVIT OF COUNSEL**
**IN SUPPORT OF**
**DEFAULT JUDGMENT**

Plaintiffs,

-against-

COSNER CONSTRUCTION CORP.,

Defendant.
------------------------------------------------------------------------------X
STATE OF NEW YORK    )
                       ) ss:
COUNTY OF NEW YORK  )

      ANDREW GRABOIS, Esq. being duly sworn, deposes and says,

      1.     I am associated with the firm of O'Dwyer & Bernstien, LLP, attorneys for

plaintiffs ("Funds") in the above captioned action.  I am familiar with all the facts and

circumstances in this action.

      2.     I submit this affidavit in support of plaintiffs' motion for default judgment against

Cosner Construction Corp. ("Defendant"), confirming an arbitration award against the

Defendant, dated November 8, 2007.

3.     Upon information and belief Defendant is a corporation and not an infant, in the military or an incompetent.

4.     Subject matter jurisdiction of this action is based upon Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, Sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), Section 515 of ERISA, 29 U.S.C. §1145, and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9.  Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

5.     Plaintiffs brought this action to compel the production of Defendant's books and records pursuant to a collective bargaining agreement ("Agreement") between the Defendant and the District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America.

6.     Defendant has failed to furnish these records for the purpose of conducting an audit to ensure compliance with required benefit fund contributions as required under the Agreement.

7.     Pursuant to the arbitration clause of the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.  Thereafter, upon due notice to all parties, the arbitrator held a hearing and rendered his award, in writing, dated November 8, 2007 determining said dispute. (A copy is annexed hereto as Exhibit "A"). Upon information and belief, a copy of the award was sent to the defendant.

8.     The arbitrator found that Cosner Construction Corp. had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs

with any and all books and records, for the period of March 16, 2005 through November 8, 2007 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

9.     The arbitrator also found that Cosner Construction Corp. was required to pay the funds a total sum of $3,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

10.     The defendant has failed to abide by the award.

11.     The award has not been vacated or modified and no application for such relief is currently pending or has been made.

12.     Plaintiffs commenced this action on December 18, 2007 by filing a summons and complaint.  (A copy is annexed hereto as Exhibit "B").  Plaintiffs subsequently served the summons and complaint together with the Judge's rules upon Defendant by delivering two (2) true copies of the same to the Secretary of the State of New York on December 31, 2007, pursuant to Section 306(b) of New York Business Corporation Law and an affidavit of service was filed with the Court on January 8, 2008.  (A copy is annexed hereto as Exhibit "C").

13.     This action is timely as it was filed within the one year statute of limitations applicable to a petition to confirm and arbitrator's award.

14.     Defendant has failed to answer or appear or move with respect to the complaint and the time to do so has expired.  (A copy of the Clerk's Certificate is annexed hereto as Exhibit "D").

15.     Plaintiffs seek a default judgment against Defendant and in favor of plaintiffs as follows:

       a.   confirming the arbitrator's award;

b.  ordering Cosner Construction Corp. and its officers to make available to the

Plaintiffs or authorized representatives any and all books and records

deemed necessary to conduct an audit including, but not limited to, the cash

disbursement section of the cash book, general ledger, job location records,

daily time records and all certified payrolls for the period March 16, 2005

through November 8, 2007.

c.  awarding judgment for the plaintiffs and against Defendant in the principal

amount of $3,350.00;

d.  attorneys' fees and costs arising out of this action as determined by the

court. (An Affidavit of Services is annexed hereto as Exhibit "E" and a

proposed Default Judgment is annexed hereto as Exhibit "F");

e.  such other and further relief as this Court may deem just and proper

_____

ANDREW GRABOIS (AG 3192)

Sworn to before me this
7th day of February, 2008

_____
NOTARY PUBLIC

NICHOLAS HANLON
Notary Public, State of New York
No. 02HA6167368
Qualified in Westchester County
Commission Expires May 29, 2011

4

**ORIGINAL**

## OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR

**MODIFIED
OPINION AND
DEFAULT AWARD
OF ARBITRATOR**

-------------------------------------------------------------------x
**In the matter of the Arbitration between**

The New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York and Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde and Paul O'Brien, as Trustees and Michael J. Forde as Executive Secretary-Treasurer, District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America.

**Petitioners,**

-against-

**Cosner Construction Corp.,**

**Respondent**
-------------------------------------------------------------------x

Pursuant to the provisions of the Collective Bargaining Agreement between the Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 07/01/2002, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claim arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners that the Funds are unable to ascertain the amount of contributions due it as the Respondent has not allowed an audit of its books as required by the collective bargaining agreement.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated

1

09/04/2007, the undersigned by Notice of Hearing dated 09/13/2007, scheduled a hearing for 10/11/2007, in order to determine the dispute between the parties.

## OPINION

On 10/11/2007, at the place and time designated at the aforesaid Notice of Hearing, Steven Kasarda, Esq., appeared on behalf of the Petitioners and submitted proof that the Respondent-Employer had legally sufficient notice of this proceeding and the claims against. There being no appearance on behalf of the Respondent nor any request for an adjournment or extension of time to appear, the undersigned found the Respondent to be in default and proceeded to hear the testimony and take evidence on the claims of the Petitioners.

The uncontroverted testimony and evidence established that the Respondent was bound to a Collective Bargaining Agreement with the New York City District Council of Carpenters and said Agreement became effective 07/01/2002. This Contract obligated the Respondent-Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement.

The testimony of the auditor employed by the Petitioners, established that an audit of the books and records of the Respondent had been attempted on numerous occasions but without success. Therefore the Funds are unable to ascertain the amount of contributions due the aforesaid Funds during the period of 03/16/2005 through Date.

Therefore Steven Kasarda, Esq. argues in order for the Funds to establish the amount of contributions it is due requires an award directing this Respondent-Employer to produce any and all books and records requested by the Benefit Funds Office, specifically cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the audit period 03/16/2005 through Date .

## AWARD

Upon the substantial and credible evidence of the case as a whole I find that the Respondent- Employer, Cosner Construction Corp., failed to comply with the Collective Bargaining Agreement as it relates to allowing an audit of its books and records, and orders this Respondent-Employer to forthwith produce any and all books and records specifically cash disbursement section of the cash book, general ledger, job location records, daily location records, daily time records and all certified payrolls for the audit period 03/16/2005 through Date , to the Board of Trustees of the New York City District Council of Carpenters Benefit Funds.

Pursuant to the Collective Bargaining Agreement the Arbitrator orders this Respondent-Employer to pay forthwith to the Funds a sum total of $ 3,350.00 which represents the Funds costs incurred in this matter.  The costs are as follows:

| | | |
|---|---|---|
| Attorney's Fee……………………….. | $ | 1500.00 |
| Arbitrator's Fee……………………… | $ | 150.00 |
| Court Costs………………………….. | $ | 250.00 |
| Audit Cost…………………………… | $ | 1,450.00 |
| **TOTAL** | **$** | **3,350.00** |

Dated: Brooklyn, New York
    November 8, 2007

_____
**ROGER E. MAHER,** Arbitrator

To:    Steven Kasarda. Esq.
    New York City District Council Carpenters Benefit Funds
    395 Hudson Street
    New York, New York 10014

    Thomasina Caba
    New York City District Council Carpenters Benefit Funds
    395 Hudson Street
    New York, New York 10014

    Cosner Construction Corp.
    1079 Yonkers Ave.
    Yonkers, NY 10704
    Lawrence Lane, Pres.

3

**AFFIRMATION**

STATE OF NEW YORK )
COUNTY OF KINGS )
The undersigned under penalty of perjury affirms that he is the Arbitrator in the within
proceeding and signed same in accordance with arbitration law of the State of New York.

_____
ROGER E. MAHER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, AND MICHAEL J. FORDE, AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR
NEW YORK CITY AND VICINITY, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA

07 CV 11366

**SUMMONS**

Plaintiffs,

-against-

COSNER CONSTRUCTION CORP.,

Defendant.
------------------------------------------------------------------------X

TO:     Cosner Construction Corp.
        1079 Yonkers Ave.
        Yonkers, NY 10704

**YOU ARE HEREBY SUMMONED** and required to file with the clerk of this court and serve upon

O'DWYER & BERNSTIEN, LLP
52 Duane Street
New York, New York 10007
(212) 571-7100

an answer to the complaint which is herewith served upon you, within **30 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

J. MICHAEL McMAHON                    DATE DEC 18 2007

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND, BY
MICHAEL J. FORDE AND PAUL O'BRIEN, AS
TRUSTEES AND MICHAEL J. FORDE, AS
EXECUTIVE SECRETARY-TREASURER, DISTRICT
COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA,

07 CV_____

07 CV 11366

**COMPLAINT**

Plaintiffs,

-against-

COSNER CONSTRUCTION CORP.,

Defendant.

-----------------------------------------------------------------------------X

RECEIVED
DEC 18 2007
U.S.D.C. S.D. N.Y.
CASHIERS

    Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their

Complaint allege as follows:

## NATURE OF THE CASE

    1.    This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Cosner Construction Corp. ("Employer").

**JURISDICTION**

2.      This Court has jurisdiction over this proceeding pursuant to section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1),

(e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

§§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of

the Federal Arbitration Act, 9 U.S.C. §9.

3.      Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2).

**VENUE**

4.      Venue is proper in this district in that Plaintiffs' offices are located in this district.

**PARTIES**

5.      At all times relevant herein the Plaintiffs were jointly administered, multi-

employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by

employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C.

§186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning

of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.      The Benefit Funds are employee benefit plans within the meaning of sections 3(1)

and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing

health, medical and related welfare benefits, pension and other benefits to eligible participants

and beneficiaries on whose behalf they receive contributions from numerous employers pursuant

to collective bargaining agreements between the employers and the Union.

7.      Upon information and belief defendant Cosner Construction Corp. is a domestic

corporation incorporated under laws of the State of New York with a principal place of business

2

located at 1079 Yonkers Ave., Yonkers, NY 10704.

8.    The defendant is an employer within the meaning of section 3(5) of ERISA, 29
U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9.    Defendant, Cosner Construction Corp., was bound at all relevant times by a
collective bargaining agreement with the Union, which, by its terms, became effective July 1,
2002.  Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll
records when requested by the Benefit Funds for the purpose of conducting an audit to ensure
compliance with required benefit fund contributions and for the submission of disputes to final,
binding arbitration.

10.    A dispute arose during the period of the Agreement between the parties when the
Employer failed to comply with the Benefit Funds' demands to furnish its books and records for
the purpose of conducting an audit.

11.    Pursuant to the arbitration clause in the Agreement, the dispute was submitted to
arbitration to Roger Maher, the duly designated impartial arbitrator.

12.    Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and
rendered his award, in writing, dated November 8, 2007, determining said dispute.  Upon
information and belief, a copy of the award was delivered to the defendant (A copy of the award
is annexed hereto as Exhibit "A" and made part hereof).

13.    The arbitrator found that Cosner Construction Corp. had failed to comply with the
Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs
with any and all books and records, for the period of March 16, 2005 through November 8, 2007
including but not limited to, the cash disbursement section of the cash book, general ledger, job

location records, daily time records and all certified payrolls.

14.     The arbitrator also found that Cosner Construction Corp. was required to pay the funds a sum of $3,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15.     The defendant, Cosner Construction Corp. has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.     For an order confirming the arbitration award in all respects;

2.     For entry of judgment in favor of the Plaintiffs ordering Cosner Construction Corp. and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period March 16, 2005 through November 8, 2007.

3.     For entry of judgment in favor of the Benefit Funds and against Cosner Construction Corp. ordering Cosner Construction Corp. to pay the Benefit Funds a total sum of $3,350.00 pursuant to the arbitrator's award.

4.     For attorneys' fees and costs of this action;

5.     For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
          December 17, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  07 CV 11366                                    Purchased/Filed: December 18, 2007

STATE OF NEW YORK       UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT

---

*The New York City District Council of Carpenters Pension Fund, et al*          Plaintiff

against

*Cosner Construction Corp.*                                         Defendant

---

STATE OF NEW YORK
COUNTY OF ALBANY            SS.:

_____ Jessica Miller _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ December 31, 2007 _____ , at __ 2:00 pm __ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons And Complaint

on

_____ Cosner Construction Corp. _____ , the

Defendant in this action, by delivering to and leaving with _____ Amy Lesch _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, __ 2 __ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of _____ 40 _____ dollars; That said service

was made pursuant to Section __ 306 Business Corporation Law __ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: __ 23 __   Approx. Wt: __ 160 __   Approx. Ht: __ 5'9" __

Color of skin: __ White __   Hair color: __ Blonde __   Sex: __ F __   Other: _____

Sworn to before me on this

__ 4th __ day of _____ January, 2008 _____

*Deborah A. Bottisti (Berlin)*
DEBORAH A. BOTTISTI
NOTARY PUBLIC, State of New York
NO. 01BO6036756, Albany County
Term Expires February 7, 2010

*Jessica Miller*
Jessica Miller

Invoice•Work Order # SP0710967

**SERVICO. INC. -  PO BOX 871 - ALBANY. NEW YORK 12201 - PH 518-463-4179**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES AND MICHAEL J. FORDE, AS
EXECUTIVE SECRETARY-TREASURER, DISTRICT
COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA,

                                 Plaintiffs,

        -against-

COSNER CONSTRUCTION CORP.,

                            Defendant.
------------------------------------------------------------------------X

07 CV 11366 (TPG)
ECF CASE

**CLERKS
CERTIFICATE**

       I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of

New York, do hereby certify that this action commenced on December 18, 2007 by filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendant, Cosner

Construction Corp. on December 31, 2007, by delivering two (2) true copies thereof to Amy Lesch, an

authorized clerk in the Office of the Secretary of State of the State of New York, and proof of service being

filed on January 8, 2008.

       I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise

moved with respect to complaint herein. The default of the defendant is hereby noted.

Dated: _Feb 7, 2008_
      New York, New York

                              **J. MICHAEL MCMAHON**
                               Clerk of the Court

                 By: _____
                                Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS
LABOR MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE and PAUL O'BRIEN,
as TRUSTEES, AND MICHAEL J. FORDE, AS
EXECUTIVE SECRETARY-TREASURER, DISTRICT
COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA,

07 CV 11366 (TPG)
ECF CASE

**AFFIDAVIT OF**
**SERVICES**

                                        Plaintiffs,

                    -against-

COSNER CONSTRUCTION CORP.,

                                        Defendant.
------------------------------------------------------------------------X
STATE OF NEW YORK          )
                           :SS.:
COUNTY OF NEW YORK         )

ANDREW GRABOIS, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and am associated with the firm of O'Dwyer &

Bernstien, LLP, attorneys for plaintiffs herein and submit this affidavit in support of the instant

application for default judgment and order.

2. On December 17, 2007, Ian Henderson, a paralegal in this office, drafted and revised a complaint, cover sheet and other required documents. He spent 0.5 hours on this matter at a billing rate of $150.00 per hour for a total of $75.00 in attorneys' fees.

3. On December 17, 2007, your deponent reviewed and finalized the aforementioned documents. I spent 0.5 hours at a billing rate of $320.00 per hour for a total of $160.00 in attorneys' fees.

4. On December 18, 2007, Mr. Henderson prepared and filed the aforementioned documents with the Clerk of the Court and on the Electronic Case Filing System. He spent 1.5 hours at a billing rate of $150.00 per hour for a total of $225.00 in attorneys' fees.

5. On December 26, 2007, Mr. Henderson prepared and mailed the aforementioned documents for service of process. He spent 0.5 hours on this matter at a billing rate of $150.00 per hour for a total of $75.00 in attorneys' fees.

6. On January 8, 2008, Mr. Henderson prepared and filed the affidavit of service with the Court and on the ECF system. He spent 0.5 hours on this matter at a billing rate of $150.00 per hour for a total of $75.00 in attorneys' fees.

7. On February 7, 2008, Mr. Henderson, drafted the required default documents, including a proposed default judgment and order and affidavit of services rendered. He spent a total of 4.0 hours on this matter at a billing rate of $150.00 per hour for a total of $345.00 in attorneys' fees.

8. On February 7, 2008, your deponent reviewed and finalized the aforementioned default documents. I spent 0.5 hours on this matter at a billing rate of $320.00 per hour for a total of $160.00 in attorneys' fees.

9. The cost of the process server to effectuate service of process was $60.00.

WHEREFORE, deponent respectfully requests allowance of attorneys' fees in the sum of $1,370.00 and costs arising out of this action in the amount of $60.00 for a total of $1,430.00.

_____
ANDREW GRABOIS (AG 3192)

Sworn to before me this
7th day of February, 2008

_____
NOTARY PUBLIC

**NICHOLAS HANLON**
**Notary** Public, State of New **York**
No. 02HA6167368
Qualified in Westchester County
**Commission** Expires May 29, 2011

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS WELFARE FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT
COOPERATION FUND, by MICHAEL J. FORDE
and PAUL O'BRIEN, as TRUSTEES, AND
MICHAEL J. FORDE, AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL
FOR NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA,

07 CV 11366 (TPG)
ECF CASE

**DEFAULT JUDGMENT**

Plaintiffs,

-against-

COSNER CONSTRUCTION CORP.,

Defendant.
-------------------------------------------------------------------------X

This action having been commenced on December 18, 2007 by the filing of a Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendant Cosner

Construction Corp. on December 31, 2007 by delivering two (2) true copies of the same to the

Secretary of the State of New York, pursuant to Section 306(b) of New York Business Corporation

Law, and a proof of service having been filed on January 8, 2008 and the defendant not having

answered the Complaint, and the time for answering the Complaint having expired, and the Clerk of

the Court having issued its certificate of default on February 7, 2008, it is

ORDERED, ADJUDGED AND DECREED: That the Plaintiffs have judgment against

Defendant, pursuant to the arbitration award, in the liquidated amount of $3,350.00, representing costs

and fees arising out of the arbitration, in addition to attorneys' fees and costs arising out of this action

in the amount of $1,430.00 for a total of $4,780.00 and that Cosner Construction Corp. and its officers

are ordered to produce any and all books and records relating to Cosner Construction Corp. for the

period of March 16, 2005 through November 8, 2007.


Dated: _____
     New York, New York

                                    _____
                                      Honorable Thomas P. Griesa
                                      United States District Judge

                                      This document was entered on the docket
                                      on _____.

STATE OF NEW YORK        )
                         :SS.:
COUNTY OF NEW YORK   )

    IAN K. HENDERSON, being duly sworn, deposes and says:  I am not a party to the action, am over 18 years of age and reside in Brooklyn, New York.  On the 7th day of February, 2008, I served plaintiffs' **NOTICE OF MOTION and SUPPORTING DOCUMENTATION** to the following party by depositing a true copy thereof in a post-paid wrapper, in an official depository, under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following person at the last known address set forth after the name below:

TO:    Cosner Construction Corp.
       1079 Yonkers Ave.
       Yonkers, NY 10704

                                           IAN K. HENDERSON

Sworn to before me this
7th day of February, 2008

NOTARY PUBLIC

ANDREW GRABOIS
Notary Public, State of New York
No. 02GR6127051
Qualified in New York County
Commission Expires May 23, 20_09_